711 So.2d 417 (1998)
Raymond SMETAK, Plaintiff-Appellee,
v.
LOUISIANA WORKERS' COMPENSATION CORPORATION, Defendant-Appellant.
No. 97-1497.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1998.
D. Reardon Stanford, Alexandria, for Raymond Smetak.
Thomas D. Travis, Baton Rouge, for Louisiana Workers' Compensation Corp.
Before DOUCET, C.J., and SULLIVAN and GREMILLION, JJ.
SULLIVAN, Judge.
The issue in this appeal is whether a workers' compensation claimant can recover penalties *418 for his employer's or insurer's arbitrary and capricious refusal to consent to the claimant's request to change physicians. The workers' compensation judge awarded in favor of claimant, Raymond Smetak, and against defendant, Louisiana Workers' Compensation Corporation (LWCC), a $2,000.00 penalty for improper termination of benefits, a $2,000.00 penalty for failing to authorize Mr. Smetak's request to change physicians, and a $2,000.00 penalty for failing to authorize the payment of reasonable and necessary medical testing. The workers' compensation judge also awarded Mr. Smetak $6,000.00 in attorney fees.
LWCC paid $10,000.00 of the $12,000.00 award, and only appeals the assessment of the penalty for failing to consent to Mr. Smetak's request to change physicians. LWCC argues that, although La.R.S. 23:1121(C) allows the claimant to recover attorney fees for its arbitrary and capricious failure to consent to a requested change, the statute does not contain a provision for penalties. In addition, LWCC contends that the workers' compensation judge's assessment of this penalty pursuant to La.R.S. 23:1201 is not authorized under that statute.
We agree with LWCC's position. We reverse and hold that a claimant, whose employer or insurer arbitrarily and capriciously withholds consent to the claimant's request to change physicians, may only recover reasonable attorney fees.

FACTS
Mr. Smetak was injured on November 17, 1995 in the course and scope of his employment with England Economic and Industrial Authority. He slipped and fell while inspecting a building. He went to the Rapides Regional Medical Center emergency room, where he was diagnosed with a lumbar and left hip contusion and a cervical sprain. Mr. Smetak requested a referral to Dr. John Patton, a neurosurgeon who had performed back surgery on him for a 1990 non-work-related injury.
Dr. Patton's office referred Mr. Smetak to Rapides Industrial Medicine. Dr. Patton examined the claimant on December 19, 1995. He suspected no significant nerve root abnormality, but ordered cervical and lumbar magnetic resonance imaging (MRI) diagnostic tests due to Mr. Smetak's failure to respond positively to conservative treatment. The MRI was done on January 4, 1996. The radiologist interpreting the scan, Dr. Alfred Mansour, noted "[p]ost-operative scarring... central and on the left at L4/5, anterior to the nerve root, and centrally at L5/S1."
Thereafter, Mr. Smetak continued treatment with Rapides Industrial Medicine, primarily with Dr. Forrest Pommerenke and Dr. James Cappel, general practitioners. On February 7, 1996, Dr. Cappel released him to return to light duty work. On May 1, 1996, Dr. Pommerenke released him to medium duty, allowing him to inspect buildings, supervise others, do small painting jobs not requiring scaffolding, and driving automobiles.
Mr. Smetak returned to Dr. Patton on August 16, 1996. Dr. Patton's progress note mentions Mr. Smetak continued complaints of pain in his neck, low back, and left leg. Dr. Patton also notes that Dr. Pommerenke released him to moderate duty work. He assessed "neck pain, low back pain," and stated he would review Mr. Smetak's Industrial Medicine records.
Based upon Dr. Patton's progress note, LWCC terminated Mr. Smetak's weekly benefits. LWCC construed the progress note as a release of Mr. Smetak to medium duty work by Dr. Patton. Mr. Smetak was then evaluated by Dr. John Jackson, a New Orleans neurosurgeon, on September 23, 1996. Dr. Jackson reviewed the MRI and examined Mr. Smetak. He opined that Mr. Smetak had a ruptured disc at L5-S1 and recommended a myelogram and post-myelogram CT scan.
When asked, LWCC refused to consent to a change in neurosurgeons from Dr. Patton to Dr. Jackson and refused to approve the tests recommended by Dr. Jackson because Mr. Smetak had previously been "released" by Dr. Patton. Dr. Jackson examined Mr. Smetak again on November 14, 1996 and recommended the same course of treatment.
*419 Mr. Smetak filed a disputed claim for compensation on December 5, 1996. After taking Mr. Smetak's deposition, LWCC agreed to restore Mr. Smetak's weekly benefits retroactive to August 1996 and to approve payment for the tests recommended by Dr. Jackson. Therefore, the only issue remaining for trial was LWCC's liability for penalties and attorney fees.
LAW
La.R.S. 23:1121 provides, in pertinent part:
B. The employee shall have the right to select one treating physician in any field or specialty. After his initial choice the employee shall obtain prior consent from the employer or his worker's compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.
C. If the employer or insurer has not consented to the employee's request to change physicians when such consent is required by this Section, and it is determined by a court having jurisdiction that the withholding of such consent was arbitrary and capricious, or without probable cause, the employer or the insurer shall be liable to the employee for reasonable attorney's fees related to this dispute and for any medical expense so incurred by him for an aggravation of the employee's condition resulting from the withholding of such physician's services.
(Emphasis added.)
Paragraph (C) of Section 1121 specifically provides for the award of "attorney's fees" only, not penalties. It is, however, still penal in nature because its purpose is to punish arbitrary and capricious behavior on the part of the employer or insurer. Therefore, it must be strictly construed. Comeaux v. Sam Broussard Trucking, 94-1631 (La. App. 3 Cir. 5/31/95); 657 So.2d 449. Penalties are not available under this statute.
The workers' compensation judge relied upon La.R.S. 23:1201 to assess penalties for LWCC's failure to consent to the request for change in physicians. The statute provides, in pertinent part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
(Emphasis added.)
Paragraph (F) of Section 1201 is penal and is to be strictly construed. The language allows penalties and attorney fees for failure to pay medical benefits in accordance with paragraph (E). LWCC's failure to consent to a change in physicians is not a failure to pay a medical benefit. This statute does not support the award of penalties for LWCC's failure to consent.
The case of Livings v. Langston Companies, Inc., 96-636 (La.App. 3 Cir. 12/5/96); 685 So.2d 405 is different from the present case. In Livings, the claimant sought permission from the insurer to see Dr. Cobb, her initial choice of physician. Her request was denied based on the adjuster's belief that she was to see Dr. Miller on referral from Dr. Duhon, who was her employer's choice of physician. This court awarded penalties and attorney fees under La.R.S. 23:1201 for the insurer's delaying of the claimant's medical treatment for over one year. In the case sub judice, Mr. Smetak was also awarded a penalty of $2,000.00 for LWCC's failure to timely pay for the reasonable medical procedures recommended by Dr. Jackson. He is not, however, entitled to another $2,000.00 penalty for LWCC's failure to consent to his request to change physicians.

*420 DECREE
For these reasons, we reverse the order of the workers' compensation judge only insofar as the $2,000.00 penalty at issue in this case is concerned. Costs of this appeal are assessed to plaintiff-appellee, Raymond Smetak.
REVERSED AND RENDERED.