795 So.2d 439 (2001)
Terry C. SIMS, Plaintiff-Appellee,
v.
SUN CHEMICAL CORPORATION and Continental Casualty Company, Defendants-Appellants.
No. 34,947-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*440 Keogh, Cox & Wilson, Ltd. by Kirk L. Landry, Counsel for Appellants.
Street & Street by D. Randolph Street, Counsel for Appellee.
Before GASKINS, PEATROSS and KOSTELKA, JJ.
KOSTELKA, Judge.
Terry C. Sims ("Sims") was granted penalties and attorney fees by the Workers' Compensation Judge ("WCJ") who determined that Sun Chemical Corp. ("Sun") and its insurer, Continental Casualty Co. ("Continental"), had failed to timely authorize Sims' surgery. Sun and Continental (collectively "appellants") appeal, which appeal Sims answered. For the following reasons, we affirm.

FACTS
On May 14, 1999, Sims was injured on the job while employed by Sun. Sims was a service technician for the company and his duties included delivering the company's ink to various customers. On the day he was injured, Sims and another employee of Sun, while making a delivery to a customer, were unloading a container of ink which weighed over 2,000 pounds that was loaded on a pallet jack. Sims, who was in front, guided the container while the other employee pushed from behind. When Sims stepped off the dock, the dock lifted and the container came to an abrupt stop pulling Sims around to his left side and causing a sharp pain in his back.
Sims reported the injury to his employer and sought medical attention on May 17, 1999 at the Monroe Medical Clinic. As a result of the accident, Sims suffered from serious pain, numbness in both legs and loss of bowel control. Those symptoms did not dissipate from the time of his injury until he finally underwent surgery in March, 2000. He testified at trial that prior to the accident, he suffered from no low back pain.
In June, 1999, Sims sought treatment from an orthopedic surgeon, Dr. Douglas Liles ("Dr. Liles"), for the injury. Following x-rays and an MRI, Dr. Liles recommended surgery and suggested that Sims see Dr. Thomas Whitecloud ("Dr. Whitecloud"), a specialist in New Orleans who was more familiar with the surgical procedure Dr. Liles felt Sims needed to correct his back injury.
In July, 1999, Dr. Whitecloud initially suggested various exercises for Sims, but then on October 18, 1999 made the recommendation for surgery. The procedure was scheduled for December 8, 1999, and Sims actually traveled to New Orleans in anticipation of undergoing the procedure. However, within an hour of the scheduled surgery, Sims learned that the procedure had not been approved by the appellants.
In January, 2000 Sims saw Dr. Donald Smith ("Dr. Smith"), a neurosurgeon, at Sun's request. Dr. Smith also recommended surgery. The appellants eventually approved the surgery, which was not performed until March 30, 2000 by Dr. Whitecloud. Rather than the initially recommended plate-and-screws procedure, Dr. Whitecloud performed a regular spinal fusion. At the time of trial, Sims remained under Dr. Whitecloud's care.
*441 Sims filed a Disputed Claim for Compensation with the Office of Workers' Compensation, asserting that Sun and Continental owed him penalties and attorney fees for failing to authorize his back surgery timely. After considering the evidence and testimony, the WCJ determined that the appellants' failure to authorize Sims' surgery was "arbitrary and capricious," and that the appellants had not "reasonably controverted" the failure to provide medical care. The WCJ awarded Sims $2,000 in penalties and $3,500 in attorney fees. This appeal ensued.

DISCUSSION
The standard of review of the workers' compensation court is the same as for the district court. Absent a finding of manifest error of fact or law, the judgment will be upheld. We review the WCJ's award of attorney fees and penalties under the manifest error standard. Kelley v. Jack Jackson Const. Co., 32,663 (La.App.2d Cir.12/30/99), 748 So.2d 1270, citing, Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.07/01/97), 696 So.2d 551; Oliveaux v. Riverside Nursing Home, 29,419 (La. App.2d Cir.04/02/97), 691 So.2d 340.
In this case, appellants' refusal to authorize the initial surgical procedure in December, 1999 was a violation of its duty to provide medical care pursuant to La. R.S. 23:1203(A), which states, in pertinent part, as follows:
In every case coming under this Chapter, the employer shall furnish all necessary... medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services.
On appeal, appellants urge that the WCJ erred in awarding Sims attorney fees and penalties, arguing that such an award is not appropriate where an employer and its insurer fail to authorize a procedure.[1] However, this court has previously and consistently held that an employer's failure to authorize a medical procedure for an employee otherwise eligible to receive workers' compensation is deemed to be the failure to furnish compensation benefits. See, Gay v. Georgia Pacific Corporation, 32,653 (La.App.2d Cir.12/22/99), 754 So.2d 1101; Roach v. Eagle Water, Inc., 31,912 (La.App.2d Cir.05/05/99), 737 So.2d 182; Fisher v. Lincoln Timber Co., 31,430 (La. App.2d Cir.01/24/99), 730 So.2d 973; Ward v. Phoenix Operating Co., 31,656 (La. App.2d Cir.02/24/99), 729 So.2d 109. Failure to furnish benefits is permissible only when the claim has been "reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." La. R.S. 23:1201(F)(2). Awards for penalties and attorney fees are governed by La. R.S. 23:1201(F).
Here, appellants failed to present adequate evidence of facts which would allow the WCJ to determine that the necessity of the surgery had been reasonably controverted. To determine whether a claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or its insurer engaged in a nonfrivolous legal dispute or *442 possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time the employer refused to pay all or part of the benefits allegedly owed. Gay, 754 So.2d at 1106; Brown v. Texas-La Cartage, Inc., 98-1063 (La.12/01/98), 721 So.2d 885.
Appellants further maintain that the decision not to authorize the surgical procedure arose from Dr. Whitecloud's failure or refusal to complete certain submitted forms despite repeated requests of the appellants for information regarding the surgery, and, therefore, they were under no obligation to approve the surgery. However, appellants put forth scant evidence to support this argument.
At trial, appellants called no witnesses and relied solely on documentary evidence in support of their position that Dr. Whitecloud had not completed all the necessary documentation for them to approve Sims' surgery. However, in the WCJ's oral reasons for judgment made immediately following the trial, the documentary evidence presented by the appellants was carefully considered and the determination made that there was no evidence to indicate that the appellants were justified in their refusal to authorize surgery. We cannot conclude that the WCJ was manifestly wrong in imposing penalties and attorney fees against appellants.
Appellants argue, in the alternative, that if the award of attorney fees is deemed to be proper, that the amount awarded by the WCJ of $3,500 was excessive.[2] In setting the amount of an attorney fee award, we have previously noted:
[A]n award of attorney's fees, while subject to the manifest error standard of review, must nevertheless be reasonable. La. R.S. 23:1201(F). Factors to be considered in imposing attorney's fees include the degree of skill and work involved, the amount of the claim, the amount recovered, and the amount of time devoted to the case. The award of attorney's fees is a type of penalty which is the imposition of the attorney's fee rather than the amount of the fee which must be assessed in accordance with law and be reasonable. (Citation omitted).
Harvey v. BE & K Const. Co., 34,057 (La.App.2d Cir.11/15/00), 772 So.2d 949, 955, writ denied, XXXX-XXXX (La.03/09/01), 786 So.2d 732.
In this case, Sims' Disputed Claim for Compensation was filed on February 17, 2000 on the limited issue of the applicability of penalties and attorney fees for the appellants' failure to authorize Sims' surgery timely. Trial of the matter was held on September 14, 2000, at which only one witness was called. The record reflects that few filings were made by Sims and there is no indication that any depositions or other formal discovery was taken. Considering the above, it does not appear that an inordinate amount of time was expended in this matter nor was the issue addressed a complex or novel one which required special skill or extra work. Moreover, the WCJ gave no explanation as to how the attorney fees were calculated and there is no indication that Sims submitted any proof of his attorney fees. Therefore, although we conclude that an award of attorney fees in the amount of $3,500 might have been excessive for the work done in the trial court only, we note *443 that Sims has also answered this appeal seeking additional attorney fees for defense of this appeal in the event he is successful. We further note that Sims successfully defended the propriety of the WCJ's award of penalties and attorney fees on appeal.
The general rule is an increase in attorney fees is usually allowed where a party was awarded attorney fees by the trial court and is forced to and successfully defends an appeal. Fontenot v. Flaire, Inc., 26,055 (La.App.2d Cir.08/17/94), 641 So.2d 1062; State Dept. of Transp. and Development v. Brookhollow of Alexandria, Inc., 578 So.2d 558 (La.App. 3d Cir. 1991), writ denied, 581 So.2d 709, 710 (La. 1991); Century 21 Gateway Realty, Inc. v. Pard, Inc., 490 So.2d 753 (La.App. 3d Cir. 1986); Mamou Farm Services v. Hudson Ins. Co., 488 So.2d 259 (La.App. 3d Cir.1986). However, even though requested, additional attorney fees may not be granted where the appellate court finds that the amount awarded in the trial court was sufficient to compensate counsel for both the work at the trial court and the appellate court levels. Fontenot, 641 So.2d at 1068. Here, whereas we find the attorney fee award of $3,500 was excessive for the work done only in the trial court, such an award is sufficient to compensate counsel for his work, both in this court and in the court below. Thus, we will affirm the award of $3,500 in attorney fees, but deny Sims' request for additional attorney fees for the defense of this appeal.

CONCLUSION
For these reasons, insofar as the Judgment of the WCJ awarded Sims penalties and attorney fees for the failure to authorize his surgery timely, we affirm. We also affirm the amount of attorney fees in the total amount of $3,500, but deny Sims' appeal for additional attorney fees for the defense of this appeal for the reasons stated. Costs of appeal are assessed to the appellants.
AFFIRMED.
NOTES
[1] Appellants base their argument on Howard v. Our Lady Of The Lake Regional Medical Center, 99-1826 (La.App. 1st Cir.09/22/00), 768 So.2d 293, wherein the First Circuit held that the obligation of the employer or insurer to furnish necessary medical treatment is limited to reimbursement and that it is only the failure to provide payment, not prior authorization, which triggers the assessment of a penalty and attorney fees.
[2] Although Sims argues that the appellants failed to formally raise the issue of the amount of the attorney fees in an assignment of error, the appellants did argue the issue in brief, and the assignment of error raised is sufficiently broad to incorporate such an argument.