LGONZALES, J.
In this workers’ compensation case, Shappert Engineering (Shappert) and its insurer, St. Paul Fire & Marine Insurance Company (St. Paul), appeal a judgment awarding penalties and attorney fees to Shappert’s former employee, Ronald Joseph Authement.
FACTUAL AND PROCEDURAL BACKGROUND
Mr. Authement, a crane operator, sustained a work-related right ankle injury in May of 1997. Between 1997 and 2000, he had two surgical procedures, attended physical therapy, and was treated by multiple health care professionals, including orthopedic surgeons and podiatrists. St. Paul paid Mr. Authement workers’ compensation benefits and also paid his medical expenses.
On December 9, 1999, Mr. Authement filed a disputed claim for compensation: (1) contending St. Paul refused to authorize diagnostic testing and treatment recommended by Dr. James Laskey; (2) seeking Dr. Christopher Cenac, an orthopedic surgeon, as his physician of choice; and (3) asking for penalties, attorney fees, and litigation expenses. By letter dated December 21, 1999, Joyce Matthews, a St. Paul claim account specialist, authorized Dr. Cenac to examine Mr. Authement and scheduled an appointment. Dr. Cenac examined Mr. Authement and recommended he undergo a functional capacity evaluation “to determine specific physical limitations and symptom magnification.” Dr. Cenac also recommended Mr. Authement be seen by Dr. Robert Dana, a foot and ankle injury specialist, after the functional capacity evaluation. Dr. Robert Bunch performed the functional capacity evaluation on February 18, 2000.
By letter dated March 8, 2000, Dr. Ce-nac informed Ms. Matthews he had reviewed the functional capacity evaluation, and Mr. Authement was “employable at a [light] level of physical activity with restrictions.” He further recommended Mr. Authement “see a surgical podiatrist or Dr. Robert Dehne,[2] a foot surgeon at [the] LSU | aMedical Center” and concurred with Dr. Bunch’s recommendation that Mr. Authement undergo an orthosis. Apparently unaware of Dr. Cenac’s March 8, 2000 letter to Ms. Matthews, counsel for the defendants forwarded a copy of the functional capacity evaluation to Dr. Cenac on March 15, 2000, seeking his review of the evaluation and opinion regarding necessary future treatment for Mr. Authement. Dr. Cenac responded by letter dated March 20, 2000, indicating Mr. Authement should be seen “by a surgical podiatrist such as Dr. Waybrun Hebert in my office or Dr. Robert Dehne, a foot surgeon at LSU Medical School” and stating the orthosis recommended by Dr. Bunch could be ordered thereafter.
On March 27, 2000, Mr. Authement filed an amended disputed, claim for compensation, adding St. Paul’s failure to authorize an evaluation by Dr. Dehne as an issue for trial. By letter dated May 4, 2000, defense counsel authorized an appointment *930 with Dr. Dehne. The next day, Mr. Authement’s counsel responded that Dr. Dehne required a $750.00 prepayment and requested St. Paul’s payment of such. Mr. Authement’s counsel wrote a second letter to defense counsel, dated June 22, 2000, indicating his “understanding” that St. Paul had agreed to authorize Dr. Dehne’s treatment and again requesting the advance $750.00 payment be sent.
By letter dated July 24, 2000, defense counsel informed Mr. Authement’s counsel as follows:
Your client’s initial choice of surgical podiatrist is unwilling to see him within the payment structure set up by the Worker’s Compensation Act and the fee schedule. On July 21, 2000, I gave you a copy of Dr. Cenac’s March 20, 2000, report which also lists an alternative or surgical podiatrist, Dr. [Waybrun] Hebert in Dr. Cenac’s office. If your client would like to choose him as his choice of treating physician, please have him set up an appointment. If he needs confirmation or authorization, please have him contact me directly.
Dr. Waybrun J. Hebert, III, thereafter treated Mr. Authement from the end of July until November 2000, at which time his condition had improved to the point where he could tolerate walking for most of a day with a knee brace.
A hearing on Mr. Authement’s claim for penalties and attorney fees was held on February 12, 2001, after which the workers’ compensation judge signed a judgment, ^ordering Shappert Engineering to pay Mr. Authement $2,000.00 in penalties and $7,000.00 in attorney fees because it “was arbitrary, capricious and without probable cause in failing to authorize medical treatment in this matter.” The defendants appeal from this adverse judgment.
PENALTIES AND ATTORNEY FEES UNDER LA. R.S. 23:1201
Mr. Authement contends the workers’ compensation judge’s award of penalties and attorney fees is supported by La. R.S. 23:1201, which reads, in pertinent part:
E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim....
[[Image here]]
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
Additionally, La. R.S. 23:1203, which addresses the employer’s duty to furnish medical expenses, provides, in pertinent part:
A. In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and. services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services....
*931 B. The obligation of the employer to furnish such care, services, treatment, drugs, and supplies, whether in state or out of state, is limited to the reimbursement determined to be the mean of the usual and customary charges for such care, services, treatment, drugs, and supplies, as determined under the reimbursement schedule annually published pursuant to R.S. 23:1034.2 or the actual charge made for the service, whichever is less.
This court has held a failure to authorize medical treatment does not result in liability for penalties and attorney fees under the above provisions, because a “failure to authorize treatment” does not equate to a “failure to provide payment” as set forth in La. R.S. 23:1201(F). See Howard v. Our Lady of the Lake Regional Medical Center, 99-1826 (La.App. 1 Cir. 9/22/00), 768 So.2d 293, 297-298.[3] Thus, the workers’ compensation judge erred in reasoning Shappert’s “[failure] to authorize medical treatment in this matter” resulted in liability for penalties and attorney fees. Mr. Authement argues the Howard holding only precludes an award of penalties and attorney fees for that time period before Shappert authorized him to see Dr. Dehne and does not preclude such an award for Shappert’s failure to pay Dr. Dehne’s $750.00 prepayment after having authorized treatment by him. We disagree. According to Howard, La. R.S. 23:1201(F), when read in conjunction with La. R.S. 23:1203, only obligates the employer or insurer to reimburse a claimant for necessary medical treatment. An obligation to reimburse a medical expense is the opposite of an obligation to prepay a medical expense. Thus, pursuant to Howard, we conclude Shappert was not required to prepay Dr. Dehne’s $750.00 fee. Mr. Authement was free to pay the $750.00 required to see Dr. Dehne and to then submit a reimbursement claim to Shappert or its insurer, St. Paul. Therefore, the workers’ compensation judge erred in assessing penalties and attorney fees against Shappert under La. R.S. 23:1201.
ATTORNEY FEES UNDER LA. R.S. 23:1142
Mr. Authement argues La. R.S. 23:1142 provides an alternative basis for the penalties and attorney fee award in this case. Under that statute, each health care provider may not incur more than $750.00 in nonemergency diagnostic testing or treatment without the mutual consent of the entity responsible for paying the medical expense (the payor) and the employee. La. R.S. 23:1142(B)(1). If the payor does not consent to the request to |fiincur more than $750.00 for any and all nonemergency diagnostic testing or treatment when such consent is statutorily required, and it is determined the withholding of such consent was arbitrary and *932 capricious, or without probable cause, the employer or the insurer shall be liable to the employee or health care provider bringing the action for reasonable attorney fees related to the dispute and to the employee for any medical expenses incurred for an aggravation of the employee’s condition resulting from the withholding of such health care provider services. La. R.S. 23:1142(D).
We initially note La. R.S. 23:1142 does not provide for a penalty and thus does not support the workers’ compensation judge’s $2,000.00 penalty award in this case. Therefore, we focus on whether the statute supports the $7,000.00 attorney fee award. In brief, Mr. Authement argues the statute applies because Dr. Dehne’s required $750.00 prepayment was a deposit, did not represent the total cost of the visit and treatment, and his treatment of Mr. Authement would have “necessarily” exceeded the $750.00 threshold of La. R.S. 23:1142. There is no evidence in the record to support this assertion. Although counsel for Mr. Authement informed defense counsel that Dr. Dehne required a $750.00 prepayment, there is no evidence indicating what the $750.00 represented, nor is there proof that Dr. Dehne’s treatment of Mr. Authement would have “necessarily” exceeded that amount. It is possible Dr. Dehne would have seen Mr. Authement only once and that $750.00 would have adequately covered the expense of this examination. Without proof Shappert refused to consent to a request “to incur more than a total of’ $750.00, Mr. Authement has failed to show the applicability of La. R.S. 23:1142.
Further, we note a payor’s failure to comply with La. R.S. 23:1142 subjects him to liability for “reasonable attorney fees related to [the] dispute” and for “any medical expenses so incurred by [the employee] for an aggravation of [his] condition resulting from the withholding of such health care provider services.” La. R.S. 23:1142. There is no evidence in the record indicating Shappert’s failure to authorize Dr. Dehne’s treatment caused Mr. Authement to incur medical expenses for an aggravation of his condition. After denying treatment by Dr. Dehne, Shappert authorized and presumably paid for |7treatment by Dr. Hebert. Thus, Mr. Authement did not incur any medical' expenses as a result of Shappert’s failure to authorize treatment by Dr. Dehne and, for this additional reason, is not entitled to attorney fees and medical expenses under La. R.S. 23:1142.
DECREE
For the foregoing reasons, there is no authority for the imposition of penalties and attorney fees in this case. The workers’ compensation judge’s judgment is REVERSED. Costs of this appeal are assessed to Mr. Authement.

. Presumably, Dr. Robert Dehne is the same as the "Dr. Robert Dana” earlier recommended by Dr. Cenac.

. Other appellate courts have held to the contrary. See Sims v. Sun Chemical Corporation, 34,947 (La.App. 2 Cir. 8/22/01), 795 So.2d 439, 441 (''[T]his court has previously and consistently held that an employer's failure to authorize a medical procedure for an employee otherwise eligible to receive workers’ compensation is deemed to be the failure to furnish compensation benefits.”); George v. Guillory, 00-00591 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1208-1209 ("This court has found an award of penalties proper for an employer’s failure to timely authorize a request for surgery. Here, LWCC failed to timely authorize a surgery need by [the claimant], thereby failing to provide medical benefits when due to him.... Accordingly, we find that the [workers’ compensation judge] properly awarded penalties against LWCC under La. R.S. 23:1201.”) (Citations omitted.); Gross v. Maison Blanche, Inc., 98-2341 (La.App. 4 Cir. 4/22/99), 732 So.2d 147, 151 ("An employer’s refusal to authorize medical treatment, which is reasonable and necessary, warrants an award of attorney’s fees and penalties.”)