STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 04-1528


JOHN L. ROMAGOSA

VERSUS

LAFAYETTE PARISH CONSOLIDATED GOVERNMENT


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 03-03183
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.


AFFIRMED.


Charles E. Soileau
Bertrand & Soileau
P. O. Box 5
Rayne, LA 70578-0005
(337) 334-2139
Counsel for Plaintiff/Appellant:
John L. Romagosa

Samuel Robert Aucoin
The Dill Firm
P. O. Box 3324
Lafayette, LA 70502-3324
(337) 261-1408
Counsel for Defendant/Appellee:
Lafayette Parish Consolidated Government

**EZELL, JUDGE.**

This case is a workers' compensation matter. John Romagosa appeals the decision of the workers' compensation judge dismissing his claim for penalties and attorney fees against the Lafayette City-Parish Consolidated Government (LCG). Mr. Romagosa claims LCG failed to timely tender settlement funds. For the following reasons, we affirm the decision of the workers' compensation judge.

Mr. Romagosa was employed by the LCG as a firefighter for twenty-four years. While on the job, he injured his wrist, eventually requiring surgery. Mr. Romagosa was released to light duty, but could not perform his firefighting duties due to the injury. He was then assigned to the Fire Training Center. Claiming that this change of position was a demotion in violation of his rights as a civil service employee, Mr. Romagosa filed suit against LCG in federal court. He also filed suit in workers' compensation court and a claim with the Lafayette Municipal Fire and Police Civil Service Board. On February 11, 2003, Mr. Romagosa was to appear before the Lafayette Municipal Fire and Police Civil Service Board to litigate his claim there. However, prior to the beginning of the hearing, a settlement was reached for all three claims mentioned above. The parties notified the Board, which adjourned. The parties agreed to settle the claims for $25,000.00, plus accrued annual and sick leave.

On March 31, 2003, Mr. Romagosa signed a "Joint Petition for Approval of Workers' Compensation Compromise Settlement," which was submitted to the workers' compensation judge for approval. On April 11, 2003, LCG issued a check to Mr. Romagosa for $25,000.00. This check was received on April 14, 2003. That same day, the workers' compensation judge signed a judgment approving the lump sum settlement.

Mr. Romagosa then filed an additional workers' compensation claim against LCG, seeking penalties and attorney fees for failure to timely tender the settlement

funds. Mr. Romagosa claimed that the funds should have been paid within thirty days of the February 11 civil service hearing. The workers' compensation judge disagreed, finding that a workers' compensation settlement must be presented to a workers' compensation judge for approval before the delay for payment begins to run. Accordingly, the workers' compensation judge dismissed Mr. Romagosa's claim. From this decision, Mr. Romagosa appeals.

Mr. Romagosa asserts as his lone assignment of error that the trial court erred in denying his petition seeking penalties and attorney fees for the failure to timely make payment of the agreed upon settlement amount. We disagree.

The standard of review of the workers' compensation court is the same as for the district court. Absent a finding of manifest error of fact or law, the judgment will be upheld. *Sims v. Sun Chem. Corp.,* 34,947 (La.App. 2 Cir. 8/22/01), 795 So.2d 439. We review the workers' compensation judge's award of attorney fees and penalties under the manifest error standard. *Kelley v. Jack Jackson Const. Co.*, 32,663 (La.App. 2 Cir. 12/30/99), 748 So.2d 1270 (*citing Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551).

Louisiana Revised Statutes 23:1272(A)(emphasis added) sets forth as follows the manner in which a workers' compensation settlement may be approved:

> A lump sum or compromise settlement entered into by the parties under R.S. 23:1271 *shall be presented to the workers' compensation judge for approval* through a petition signed by all parties and verified by the employee or his dependent, or by recitation of the terms of the settlement and acknowledgment by the parties in open court which is capable of being transcribed from the record of the proceeding.

Mr. Romagosa is claiming that because the terms of the settlement were recited before the Lafayette Municipal Fire and Police Civil Service Board, and because that hearing was capable of being transcribed, the settlement should be considered approved as of the February 11, 2003 hearing date. Mr. Romagosa is essentially

claiming that the second method of obtaining a workers' compensation judge's approval of a settlement eliminates the need for that approval. However, a reading of the statute clearly indicates otherwise.

The statute sets out two methods in which the settlement can be presented to the workers' compensation judge for approval, either by petition or by recitation of the terms in open court. However, no matter which way it is done, the statute makes it clear that any lump sum settlement *must* "be presented to the workers' compensation judge for approval." La.R.S. 23:1272(A). Plainly, recitation of the terms of any workers' compensation settlement in a municipal civil service hearing does not put forth the terms of the settlement before the workers' compensation judge who must approve it. The terms must be submitted by petition or recited in open court before the workers' compensation judge to meet the requirements of La.R.S. 23:1272. In this case, the settlement was not approved until the workers' compensation judge signed the April 14, 2003 judgment. That same day, Mr. Romagosa received payment. Clearly, payment was received within thirty days of the approval of the settlement by the workers' compensation judge, and the workers' compensation judge was correct in dismissing Mr. Romagosa's claims for penalties and attorney fees.

For the reason stated above, we affirm the decision of the trial court. Costs of this appeal are assessed against Mr. Romagosa.

**AFFIRMED.**