405 So.2d 1097 (1980)
Joan Louque, wife of/& Lincoln LOUQUE
v.
JACK ECKERD DRUG STORE NO. 523, d/b/a Eckerds Drug Store, et al.
Daniel E. Becnel, Jr., Intervenor.
No. 12143.
Court of Appeal of Louisiana, Fourth Circuit.
October 22, 1980.
*1098 Michael K. Heltz, Kliebert, Heltz & Kliebert, Gramercy, for Joan Louque, wife of/& Lincoln Louque.
Daniel E. Becnel, Jr., Reserve, in pro. per.
Before SAMUEL, BOUTALL and CHEHARDY, JJ.
BOUTALL, Judge.
This appeal is from a judgment awarding $3,500.00 to an attorney who was discharged before the case was settled. The trial judge based his decision on the employment contract existing between the attorney and the client. We affirm.
The relevant facts are not in question. On March 2, 1978, Joan Louque incurred an injury to her foot when she slipped on the floor in Eckerd's Drug Store. She retained Daniel E. Becnel, Jr., as her counsel by signing a contingency fee contract. The contract also provided the plaintiffs the right to discharge Becnel in the event of their dissatisfaction. The contract provided in part:
"If a claim is based on third party tort liability and/or negligence: I assign and transfer thirty-three and one-third (331/3%) percent of my claim of which amount is received in settlement of this matter to my above named attorney. It is understood that should my attorney find it necessary to file a suit on my behalf in order to enforce recovery of my damages that I assign thirty-five (35%) percent of my claim for his services. If appealed forty (40%) percent of my claim.

* * * * * *
"4. I understand I have the right to change attorneys at any time but should I change attorney, it is specifically understood and agreed that a fee of $100.00 per hour will be charged for any and all professional legal services and/or investigative work performed by Daniel E. Becnel, Jr., his law office investigators, or office personnel.
"5. It is specifically understood that all work hours are to be kept and maintained by Daniel E. Becnel, Jr., whose total number of hours will exclusively govern this part of the contract should I decide to change attorneys."
As a result of her accident, Joan Louque's foot was placed into a cast and later required surgery. Becnel filed suit on April 28, 1978, on behalf of the Louques. He prepared the case for about one year while attempting to settle the claim with Eckerd's insurance company. During that time, Becnel did a considerable amount of work toward the handling of the case. He met with Joan Louque several times and communicated with her frequently by telephone and letters. He sent letters and talked with defendant's counsel and insurance adjustor on many different occasions. Becnel spoke with witnesses and doctors and subpoenaed them for trial. He also prepared the plaintiffs for depositions taken by the defendant. In effect, he did most of the work necessary to prepare a case for trial. In the meantime, Becnel received several offers to settle but did not on account of the plaintiffs' wishes. Becnel received an offer of $10,000.00 to settle the case before he was discharged in favor of Michael K. Heltz in April, 1979. Heltz later settled the case for $18,700.00.
*1099 Under the terms of the employment contract, Louque was given the right to remove Becnel as attorney. If settlement had been made, Becnel would have been entitled to recover a percentage of the settlement, in this case thirty-five (35%) percent. However, the plaintiffs discharged Becnel before a settlement took place. Accordingly, Becnel is entitled to receive $100.00 per hour for representing the Louques up until his discharge.
While plaintiffs do not dispute the hourly rate, they do dispute the number of hours that Becnel actually worked. He did not comply with the terms of the agreement because he did not keep a record of his working hours. The trial judge found, from his consideration of the evidence, that thirty-five hours of work was a reasonable conclusion and our own examination of the record convinces us there is no error in this conclusion.
In the absence of evidence of precise times or expert testimony, the trial judge should be allowed to call upon his own experience and expertise in determining the amount of time that a lawyer has put into the preparation of a case. The principle here is similar to those expressed in the cases of Fiasconaro & Fiasconaro v. Orlando, 342 So.2d 1261 (La.App. 4th Cir. 1977); Lynch v. Burglass, 286 So.2d 170 (La.App. 4th Cir. 1973), wherein the trial judge relied on his own expertise in the valuation of legal services rendered by an attorney for the handling of a particular case. Accordingly, we conclude Becnel is entitled to $3,500.00 for thirty-five hours of work multiplied by $100.00 per hour.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.