772 So.2d 385 (2000)
INSURANCE COMPANY OF NORTH AMERICA
v.
Brian E. LABIT.
Brian E. Labit
v.
Willard A. Ellender, Inc. and CIGNA.
Nos. 99 CA 2448, 99 CA 2449.
Court of Appeal of Louisiana, First Circuit.
November 15, 2000.
*386 John R. Walker, Gina Puleio Campo, New Orleans, for Appellants Insurance Company of North America and Willard A. Ellender, Inc.
Michael J. Samanie, Houma, for Appellee Brian E. Labit.
Before: WHIPPLE, FOGG, and BAGNERIS,[1] JJ.
FOGG, J.
In this workers' compensation action, the insurer appeals a judgment ordering it to pay penalties and attorney's fees. For *387 the following reasons, we reverse in part and affirm in part.
Brian Labit injured his back at work in 1992. In 1995, the Office of Workers' Compensation rendered judgment, finding him temporarily totally disabled. Since the rendering of that judgment, Labit continued to be treated by various health care providers.
The present dispute involves two matters bearing the following captions: Insurance Company of North America v. Brian E. Labit, OWC, Dist. 9, Docket No. 98-03033, and Brian E. Labit v. Willard Ellender, OWC, Dist. 9, Docket No. 98-06443. By consent of the parties, these two actions were consolidated and tried on June 4, 1999. At issue were additional medical treatment, penalties and attorney's fees sought by the claimant, and the termination of TTD benefits and commencement of SEB benefits sought by the defendant-insurer, the Insurance Company of North America (INA). The workers' compensation judge rendered judgment, finding Labit totally disabled and INA arbitrary and capricious in the handling of this matter. He ordered INA to pay for in-patient chronic pain treatment by Dr. Joe Jackson and Suncoast Rehabilitation Center and awarded statutory penalties and attorney's fees.
The insurer appealed, asserting solely that the workers' compensation judge erred in finding that it was arbitrary and capricious and in awarding penalties and attorney's fees.
Two statutory provisions, LSA-R.S. 23:1201(F) and LSA-R.S. 23:1201.2, provide for the award of penalties and attorney's fees in workers' compensation cases. The applicable statutory authority for assessing an insurer with penalties and attorney's fees depends on whether the insurer failed to commence the payment of benefits in a timely fashion or discontinued benefits that had been timely paid. Page v. Page, 98-1625 (La.App. 1 Cir. 9/24/99), 762 So.2d 18. In Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41 the Louisiana Supreme Court stated that LSA-R.S. 23:1201.2 applies only when an insurer or employer discontinues payment of benefits; it does not apply when there has been a failure to commence or pay benefits timely. Williams, 98-2271, 737 So.2d at 45. The distinction drawn in the Williams case is significant because both penalties and attorney's fees are recoverable under LSA-R.S. 23:1201(F), whereas only attorney's fees are recoverable under LSA-R.S. 23:1201.2. Id.
In the instant case, the insurer paid the claimant's medical expenses until Dr. Joe Jackson and Suncoast Rehabilitation Center requested additional in-patient chronic pain treatment. This subsequent refusal to pay medical expenses constitutes a discontinuance of medical benefits, which is governed by LSA-R.S. 23:1201.2.[2] That statute has no provision for penalties. The defendant's discontinuance of benefits, therefore, cannot be the grounds for an imposition of a penalty and that portion of the judgment must be reversed.
The next inquiry is whether the insurer acted arbitrarily, capriciously and without probable cause in discontinuing the payment of medical benefits so as to warrant imposition of attorney's fees. Arbitrary and capricious behavior consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation. Williams, 98-2271, *388 737 So.2d at 45-46. The determination by a workers' compensation judge of arbitrary and capricious behavior is ultimately one of fact, and should not be disturbed on appeal absent manifest error. Bergeron v. Watkins, 98-0717 (La.App. 1 Cir. 3/2/99), 731 So.2d 399.
Subsequent to the accident in question, the claimant underwent a laminectomy and fusion at L4-L5. One of the claimant's physicians, Dr. William Kinnard, stated in his deposition, which was taken in November of 1998, that the claimant continues to suffer with low back pain, spasm, neurological deficits, and psychological problems. He opined that the claimant suffers from a twenty percent physical impairment to the body as a whole and that his functional restrictions include sedentary to light work.
Dr. Phillip Schaeffer, a board certified psychiatrist, testified by deposition that the claimant suffers from depression secondary to chronic pain which is a recognizable disorder known as an adjustment disorder, and the claimant continues to need several prescriptions for pain, depression and anxiety. Dr. Schaeffer recommended that the claimant undergo a psychological evaluation.
That evaluation was performed by Dr. Myron Horn, who found that the claimant has a history of depression with physical pain, suffers from anger associated with the compensation process, suffers from frustration, is hypersensitive to pain, and has a large degree of back pain. He opined that the claimant's mental state results from his physical condition and, if that improves, he could return to work. In Dr. Horn's opinion, the claimant's chronic pain has rendered him disabled.
Additionally, the medical report of Dr. Joseph Jackson, a pain specialist, substantiates that the claimant suffers from chronic pain due to the injury and subsequent surgery. Dr. Jackson recommended chronic pain treatment.
All of these reports were forwarded to the appellant, which, pursuant to its utilization review process, submitted the matter to Dr. Curtis J. Spier, of El Paso, Texas, in December of 1998. In addition to the reports of the physicians listed above, Dr. Spier reviewed the report of Dr. R.W. Culver, who performed a peer review on Dr. Horn's evaluation and agreed with the evaluation. Dr. Culver stated that "this is the sort of patient who will go from physician to physician, ostensibly seeking relief from his symptoms but, in fact, really seeking validation of his symptoms in order to remain in his chronically unhappy, disabled, depressed condition. It is quite clear that this patient has a personality disorder, probably more paranoid than anything else." Based on his review of those reports, Dr. Spier stated that the claimant did not need the treatments recommended by Dr. Jackson.
Subsequent to Dr. Spier's review, Dr. Schaeffer testified by deposition in February of 1999 that the treatment recommended by Dr. Jackson was necessary. In March of 1999, Dr. Horn also testified by deposition that he was of the opinion that the prescribed treatment by Dr. Jackson was necessary. Based on these depositions, the claimant made a demand for financial arrangements for medical treatment by Dr. Jackson and for chronic pain treatment at Suncoast Rehabilitation Center.
The appellant denied this request. The denial was based on Dr. Spier's recommendation and a videotape, which showed the claimant working on a fence, sanding the fender of a car, and shopping. We note that the videotape was approximately one hour in length, and was the result of seventy to ninety hours of surveillance by a private investigator. Dr. Kinnard reviewed the videotape and submitted a report, stating that the activities seen on the videotape were of a light duty nature, and he was still of the opinion that the claimant is totally disabled.
*389 The workers' compensation judge ruled that the insurer could not take advantage of the utilization review process as a means for justifying its rejection of treatment recommended by a treating physician when it had subsequent depositions of the claimant's treating physicians, which supported the claimant's desired treatment. We agree. The demand for the treatment was based on the deposition testimony of the claimant's treating physicians. Additionally, the activities shown on the surveillance tape are insufficient cause to deny the claims for the medical treatment as all those activities fall within the realm of light duty. For these reasons, we find that the workers' compensation judge did not manifestly err in determining that the appellant acted arbitrarily, capriciously and without probable cause in discontinuing Labit's medical benefits.
We next review the amount of attorney's fees that were awarded. When attorney's fees are awarded in a workers' compensation case, they are deemed to be a penalty, and the value of the attorney's fees need not be proven. Levitz Furniture Corporation v. Horne, 477 So.2d 824 (La.App. 5 Cir.1985), writ denied, 481 So.2d 633 (La.1986), citing Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La. 1983). A trial judge is allowed to call upon his own experience and expertise in determining the amount of time and effort that a lawyer has put into the preparation of a case. Louque v. Jack Eckerd Drug Store No. 523, 405 So.2d 1097 (La.App. 4 Cir. 1980). The factors to be considered in the imposition of an award for attorney's fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Ward v. Phoenix Operating Co., 31,656 (La.App. 2 Cir. 2/24/99), 729 So.2d 109.
Herein, the workers' compensation judge awarded the claimant $15,000 in attorney's fees. After reviewing the record and considering the time and effort involved in the preparation of this case, we find the workers' compensation judge did not abuse his discretion in awarding $15,000 in attorney's fees.
The claimant answered the appeal to request an additional award of attorney's fees for defending the appeal. However, INA obtained relief on appeal as the part of the judgment of the trial court that awarded statutory penalties is reversed. Therefore, the claimant is not entitled to additional attorney's fees on appeal.
For the foregoing reasons, the portion of the judgment of the Office of Workers' Compensation awarding penalties is reversed. In all other respects, the judgment is affirmed.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] Judge Michael G. Bagneris is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] LSA-R.S. 23:1201.2 provides as follows:

Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.