836 So.2d 158 (2002)
Jimmy BACON
v.
TRANSPORT SERVICE COMPANY.
No. 2001 CA 1913.
Court of Appeal of Louisiana, First Circuit.
October 2, 2002.
*159 W. Dale Behan, Baton Rouge, Counsel for Plaintiff/Appellee Jimmy Bacon.
Scott E. Frazier, Baton Rouge, Counsel for Defendant/Appellant Transport Service Company.
*160 Before: KUHN, DOWNING, and LANIER,[1] JJ.
KUHN, J.
Employer-appellant, Transport Service Company (Transport), appeals a judgment which, among other things, concluded the employer's discontinuation of payment of compensation paid to claimant-appellee, Jimmy Bacon, was arbitrary, capricious, or without probable cause and awarded attorney's fees of $7,500. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Bacon, a truck driver working for Transport, fell from the top of a trailer at a facility in Pennsylvania, injuring his back and shoulder on October 23, 1997. He was taken to a local hospital for immediate care, and then returned to Baton Rouge, Louisiana, where he was diagnosed with a left kidney hematoma, a transverse fracture of his lumbar spine, and a right shoulder rotator cuff injury. Commencing on October 27, 1997, Transport paid disability benefits to Bacon. After several surgeries, physical therapy, and vocational rehabilitation, Bacon developed chronic pain syndrome of his lumbar spine and right shoulder.
Bacon received a disability check on October 11, 1999, and then Transport ceased payments. Bacon filed a disputed claim form on December 3, 1999. Transport answered the claim, averring that Bacon refused a light duty position "despite medical clearance for same."
After a hearing, the Office of Workers' Compensation (OWC) concluded that Transport's discontinuation of disability benefits was arbitrary, capricious, or without probable cause.[2] Attorney's fees of $7,500 were awarded. Transport appeals urging OWC's conclusion that it was arbitrary and capricious is erroneous, and alternatively, challenges the quantum of the fee awarded.

DISCUSSION
Louisiana Revised Statute 23:1201.2 provides in relevant part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section.
Whether the refusal to pay compensation benefits or the discontinuation of those benefits warrants the imposition of penalties and attorney fees is a factual question which will not be disturbed upon review in the absence of manifest error. Parfait v. Gulf Island Fabrication, Inc., 97-2104, pp. 16-17 (La.App. 1st Cir.1/6/99), 733 So.2d 11, 24. A court of appeal may not set aside OWC's finding of fact in absence of "manifest error." McCray v. Delta Industries, Inc., XXXX-XXXX, *161 p. 4 (La.App. 1st Cir.9/28/01), 809 So.2d 265, 269.
Louisiana Revised Statute 23:1201.2 requires a finding that defendant acted arbitrarily, capriciously, or without probable cause before attorney fees can be assessed. Parfait, 97-2104 at p. 16, 733 So.2d at 24. And a refusal to pay disability benefits will not be held to be arbitrary or capricious when this decision is based on competent medical advice. Id.
A determination of whether a denial of compensation benefits is arbitrary, capricious, or without probable cause depends primarily on the facts existing and known at the time that benefits are denied. Id. The realistic standard for making this determination is whether there was a "reasonable" basis for a dispute about the employee's entitlement to benefits. Id.
Transport maintains it offered a modified job to Bacon within the restrictions of his treating physician, urging that because discontinuation of disability payments was based on a work release from Bacon's treating physician, OWC's conclusion that it was arbitrary, capricious, or without probable cause is manifestly erroneous. Transport suggests that Bacon never gave a genuine effort to perform the job.
The record shows that on October 7, 1999, diagnosing claimant with failed back syndrome, Bacon's treating physician, Dr. John E. Clark, released him to sedentary work status. The work release designates that it was a "temporary" one, and Dr. Clark noted in the "Comments" section of the form, "trial time to determine if drive can be tolerated." It is undisputed that Bacon's roundtrip commute was approximately eighty miles.
Transport provided Bacon a sedentary job, which required only that the former truck driver copy documents and tend to other office work; Bacon did not have any truck driving duties in the new position. Transport paid Bacon at the rate of $10 per hour, and the position allowed that claimant would work between two and four hours a day. On October 15, 1999, the only day Bacon attempted to work, due to intolerable pain, he turned around and went home. Transport then discontinued payment of disability benefits.
At the conclusion of the hearing, OWC stated:
I do feel that the discontinuation of benefits... was arbitrary and capricious. Maybe not initially when he did not show up, and since they had the October 7th [work release] .... [B]ut the October 29th report of Dr. Clark, in my mind, very much lays it out that he [cannot]that he can [work] if he wants to, but that he physically cannot make this drive anymore.
On October 29, 2000, Bacon was once again examined by Dr. Clark. In an outpatient follow up office visit report, Dr. Clark stated:
Bacon ... states he attempted to return to work on 10-15-99 but the drive to work exacerbated his low back pain precluding him from completing attendance at work. Consequently he never returned to work due to the fact the drive precluded him from completing this task. Given the fact he was released to return to work on a temporary basis to determine if the drive could be tolerated, [it] is now apparent that the drive which is approximately 80 miles round trip precludes his ability to gainful employment.
Thus, Transport was aware no later than the end of October that the earlier-provided work release issued by Dr. Clark allowing Bacon to work in a sedentary position was no longer viable in light of the exacerbation of claimant's condition traveling the *162 lengthy distance to the jobsite. Transport does not deny that the exacerbated injury which gave rise to the pain Bacon experienced in his drive to the jobsite was as a result of the October 27, 1997 accident.
OWC concluded, as we do, that the work release relied upon by Transport simply does not support the employer's discontinuation of benefits as it asserts. The temporary release expressly conditioned Bacon's return to work in a light duty status on the former truck driver's ability to withstand the lumbar pain caused by an approximately eighty mile roundtrip drive from his home to the job site. Dr. Clark withdrew that work release as evidenced in his October 29, 1999 report.
Mindful that a determination of whether a denial of compensation benefits is arbitrary, capricious, or without probable cause depends primarily on the facts existing and known at the time that benefits are denied, we cannot say that OWC was manifestly erroneous in finding that after October 29, 1999, Transport was arbitrary, capricious, or without probable cause in its discontinuance of disability benefits to Bacon.[3]
Transport alternatively asserts the award of $7,500 is excessive, suggesting that the failure of claimant to include an itemization of the work his attorney performed is fatal to the award.
When attorney's fees are awarded in a workers' compensation case, they are deemed to be a penalty, and the value of the attorney's fees need not be proven. Insurance Co. of North America v. Labit, 99-2448, p. 7 (La.App. 1st Cir.11/15/00), 772 So.2d 385, 389. OWC is allowed to call upon its own experience and expertise in determining the amount of time and effort that a lawyer has put into the preparation of a case. Id. The factors to be considered in the imposition of an award for attorney's fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Id.
OWC stated:
In light of the amount of work ... done on this file, I understand from Mr. and Mrs. Bacon's testimony that they spent a lot of time with [claimant's attorney]. There has been a deposition taken, at least a couple of other outside mediations attempted, whether or not they actually heard mediation here. [Claimant's attorney] prepared a Bench Book. He's prepared for trial.
OWC called upon its own experience and expertise in fashioning an award, and we do not find that the amount of $7,500 for an award of an attorney's fee was an abuse of discretion under the facts of this case.

CONCLUSION
OWC's judgment concluding Transport was arbitrary, capricious, or without probable cause in discontinuing the disability benefits of claimant, Jimmy Bacon, and awarding attorney's fees under La. R.S. 23:1201.2 is affirmed. Costs of this appeal *163 are assessed against defendant-appellant, Transport Service Company.
AFFIRMED.
LANIER, J., concurring in part.
I do not agree with the treatment of the attorney fee issue. In my opinion, the opinion's methodology for determining the reasonableness of the fee is neither complete nor accurate. A workers' compensation judge has no more authority to fix a penalty attorney fee than does a district court judge.
Pursuant to La. Const. of 1974, art. V, § 5(B), the Louisiana Supreme Court has the exclusive authority to regulate the practice of law in this state. Accordingly, the courts (judiciary) determine the reasonableness of attorney fees. O'Rourke v. Cairns, 95-3054 (La.11/25/96), 683 So.2d 697, 700. The Louisiana Supreme Court has done so in Rule 1.5 of the Louisiana Rules of Professional Conduct. This rule applies to workers' compensation judges and the attorneys who receive the fees in workers' compensation cases. In Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d 1347, 1353-1355 (La. App. 1 Cir.1989), appears the following:
Rule 1.5 of the Louisiana Rules of Professional Conduct states, in part:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
The Louisiana Rules of Professional Conduct (formerly the Code of Professional Responsibility) have the force and effect of substantive law. City of Baton Rouge v. Stauffer Chemical Company, 500 So.2d 397 (La.1987). The courts may inquire into the reasonableness of an attorney fee. Leenerts Farms, Inc. v. Rogers, 421 So.2d at 219. While it is true that a court is required to allow the introduction of "all admissible evidence" when an attorney fee is claimed (La. R.S. 13:3738), nevertheless, proof of the value of an attorney's services is not necessary where the services are evident from the record and/or are rendered under the supervision of the court. Richard v. Broussard, 482 So.2d 729 (La.App. 1 Cir.1985), aff'd, 495 So.2d 1291 (La.1986). A trial court judge [OWC judge] has much discretion in fixing an attorney fee, and his award will not be modified on appeal absent a showing of an abuse of discretion. Central Progressive Bank v. Bradley, 506 So.2d 711 (La.App. 1 Cir.), writ denied, 508 So.2d 74 (La.1987).
In my opinion, this is a complete and accurate statement of law for deciding this assignment of error.
For the foregoing reasons, I respectfully concur in part.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] OWC specifically found claimant was entitled to Supplemental Earning Benefits of $350 per week from October 12, 1999 through August 24, 2000; and Permanent and Total Disability Benefits of $350 per week thereafter. That portion of the OWC ruling has not been appealed.
[3] Bacon did not testify that he advised Transport on October 15, 1999, he was unable to work because of the commute, and nothing in the record shows that Transport had actual knowledge that Bacon could not handle the drive. While the record establishes that the last check Bacon received before Transport terminated his benefits was on October 11, 1999, and we can, therefore, calculate that the October 18th and October 25th checks for disability benefits may have issued prior to the employer's receipt of Dr. Clark's updated report, because Transport did not appealed that portion of the OWC judgment which awards Bacon supplemental earnings benefits for these weeks, the matter was not properly preserved for our review.