858 So.2d 443 (2002)
Sheila Morales SMITH
v.
PHILLIP MORRIS, U.S.A. and Hartford Insurance Company
No. 2002 CA 0103.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
*445 Charest Thibaut, III, Baton Rouge, Counsel for Plaintiff/Appellee Sheila Morales Smith.
*446 Denis Paul Juge, Metairie, Counsel for Defendants/Appellants Phillip Morris, U.S.A. and Hartford Insurance Company.
Before: KUHN, DOWNING and GAIDRY, JJ.
DOWNING, J.
This appeal arises from a workers' compensation claim brought by Sheila Morales Smith (Smith) against her employer, Phillip Morris U.S.A., and its insurer, Hartford Insurance Company. The Workers' Compensation Judge (WCJ) reinstated Smith's temporary total disability benefits (TTD) and awarded $10,000 in attorney fees, finding that defendants arbitrarily and capriciously terminated benefits they agreed by stipulation to pay in a prior judgment. For the following reasons, we affirm the conclusions of the WCJ and remand for the WCJ to articulate a basis for the $10,000 attorney fee award or revise it accordingly. On Smith's Answer to Appeal, we award additional attorney fees for work in connection with this appeal.

FACTS AND PROCEDURAL HISTORY
Smith was injured on April 25, 1990, while delivering products for Phillip Morris U.S.A. An orthopedic surgeon initially treated her for what he perceived as an injury to an upper right extremity. He later referred her to a vascular, surgeon. The vascular surgeon, Dr. John Frusha, diagnosed Smith with thoracic outlet syndrome (TOS) and performed rib resection surgery on April 10, 1991. When Smith's complaints persisted, Dr. Frusha recommended a reevaluation by Dr. David Roos, a specialist in Denver, Colorado. Defendants refused. On October 12, 1992, Smith filed a Disputed Claim for Compensation seeking authorization to see Dr. Roos. On January 18, 1993, Smith had an independent medical exam (IME). The IME physician agreed with Dr. Frusha.
A Consent Judgment was signed on March 25, 1993 memorializing that the parties agreed to Smith being treated by Dr. David Roos and being paid $182.33 per week throughout the period of "plaintiff's total disability." TTD compensation continued until May 22, 2000 when it was terminated because a report by Dr. Joe Morgan declared Smith able to return to light duty work. Smith then filed this lawsuit.
After a May 30, 2001 hearing, defendants filed a Motion To Re-Open Record in order to allow the testimony of Dr. Morgan. The WCJ denied the Motion. A Judgment was signed July 2, 2001 declaring that Smith was entitled to TTD benefits at the rate of $182.33 per week throughout her period of disability. The WCJ declared defendants arbitrary and capricious for terminating benefits and condemned defendants to pay Smith $10,000 in attorney fees. Defendants appealed alleging the following assignments of error:
1. The trial court erred in concluding that the 1993 judgment constituted an award of TTD benefits.
2. The trial court committed legal error in awarding TTD benefits for a period beyond six months in violation of La. R.S. 23:1221(1)(d).
3. The trial court abused its discretion in denying defendant's motion to reopen the record for the limited purpose of obtaining Dr. Morgan's deposition testimony in response to an attack by plaintiff on the credibility of his report: despite plaintiff's stipulation to the report.
4. The trial court erred in concluding that plaintiff is entitled to continued TTD benefits.
*447 5. The trial court abused its discretion in awarding $10,000 in attorney fees for the arbitrary and capricious termination of plaintiff's TTD benefits.
Plaintiff's Answer to Appeal requested an additional $5,000 in attorney fees for having to defend the appeal and requested this Court to declare Smith totally and permanently disabled (TPD).

STANDARD OF REVIEW
In a workers' compensation case, the appellate court's review of factual findings is governed by the manifest error standard. Howard v. Our Lady of the Lake Regional Medical Center, 99-1826, p. 4 (La.App. 1 Cir. 9/22/00), 768 So.2d 293, 295. On legal issues, the appellate court gives no special weight to the factfinder's conclusions, but exercises its constitutional duty to review questions of law and render judgment on the record. Id.

DISCUSSION

TEMPORARY TOTAL DISABILITY BENEFITS

Assignment of Error Number One
The first assignment of error alleges the WCJ erred in concluding that the 1993 Consent Judgment constituted an "award" of TTD benefits. That judgment says that Smith will be paid throughout the period of disability. The WCJ found that on the face of the Consent Judgment alone defendants were obligated. Defendants maintain that the WCJ did not consider the entire context of the prior proceedings, and her finding is contrary to this Court's decision in Succession of Brantley, 96-1307, pp. 8-9 (La.App. 1 Cir. 6/20/97), 697 So.2d 16, 20. Defendants contend the 1993 matter was merely a choice of treating physician and a minor wage dispute and that the parties were not in litigation over the entitlement to benefits. They contend the issue of TTD was not before the court and should not have been memorialized in the Judgment.
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstance. Critser v. Dillard's Department Store, Inc., 99-3113, p. 5 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, 706. Workers' compensation judgments, however, are treated differently from ordinary civil judgments. Id. The legislature has expressly provided that a workers' compensation judgment can be modified pursuant to the procedure set forth in La. R.S. 23:1310.8. Id. In this case, while the facts surrounding the 1993 hearing are at best murky, defendants did not seek modification. Thus, the judgment controls.
The Consent Judgment clearly states that Smith is entitled to indemnity benefits in the amount of $182.33 per week "throughout the period of plaintiff's total disability." This Consent Judgment was approved as to form and substance. The judgment was not appealed and therefore stands until it is modified. Thus, the parties have stipulated that benefits will be paid to Smith throughout her disability.
Therefore, this assignment of error is without merit.

Assignment of Error Number Two
The second assignment of error alleges that the WCJ's award of TTD benefits for a period beyond six months is in violation of La. R.S. 23:1221(1)(d), which provides the following:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition *448 has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever occurs first. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3. (Emphasis added.)
Defendants allege that the WCJ's award of continued TTD benefits must be reversed because the statute precludes awarding TTD benefits beyond six months.
While it is true that La. R.S. 23:1221(1)(d) provides that the initial award can only be for six months after the date of injury, this is not the case when the parties stipulate that the disability is ongoing. See Hughes v. Carroll Timber Co., 96-0031, p. 7 (La.App. 1 Cir. 10/1/96), 694 So.2d 331, 335. The stipulation eliminates the burden of proving that claimant's disability extended beyond the initial six-month period. And, in accordance with the stipulation, benefits will be awarded on an ongoing basis until it is proven that the claimant no longer suffers from a TTD. Id.
As stated above, the parties have stipulated that Smith's benefits would be paid throughout her disability. Since the Consent Judgment controls, we find no error in the WCJ decision that Smith need not reapply for TTD benefits. Thus, the second assignment of error is without merit.

RE-OPENING THE RECORD FOR ADDITIONAL EVIDENCE

Assignment of Error Number Three
Defendants' third assignment of error alleges that the trial court abused its discretion in denying defendants' motion to re-open the record to allow Dr. Joe Morgan's testimony. Dr. Morgan had filed a report containing findings and recommendations, but after the close of evidence, defendants moved to re-open the record to add testimony by Dr. Morgan. The WCJ denied the motion.
At the hearing Smith disputed Dr. Morgan's recommendation in the report that she was able to return to light-duty employment. Smith testified that she could not remember Dr. Morgan performing some of the tests he purportedly used in evaluating her condition.
In denying defendants' motion, the WCJ said that she was aware Smith's testimony came as a shock to defendants' attorney and she was surprised Dr. Morgan was not called to rebut this testimony since he had been subpoenaed. The WCJ stated the reason she was denying the motion was because defendants had every opportunity to call Dr. Morgan and did not do so. She added, "I expect that Dr. Morgan would have testified as per his report" and say he stood by his deposition. The WCJ commented that more testimony was unnecessary because the result would simply be Dr. Morgan disputing Smith.
A review of the record fails to demonstrate that the exclusion of Dr. Morgan's testimony was prejudicial or that inclusion was required by law. Thus, it was not an abuse of discretion for the WCJ to deny the motion.
Therefore, the third assignment of error is without merit.

Assignment of Error Number Four
The fourth assignment of error alleges that the WCJ erred in concluding that claimant is entitled to continue receiving TTD benefits. Defendants contend that Smith has been receiving TTD benefits since April 15, 1990 and is in violation of La. R.S. 23:1221(1)(d). However, when the parties have stipulated that the disability is ongoing, the statute allows TTD benefits until the physical condition has resolved *449 itself to the point that an evaluation of the disability may be made. Hughes v. Carroll Timber Co., 96-0031, p. 6 (La.App. 1 Cir. 10/1/96) 694 So.2d 331, 334.
The WCJ stated that Smith still requires constant medication and has trouble with daily living because of pain in her arms and hands and is unable to drive, type, or cook. The WCJ observed that Dr. Morgan originally diagnosed Smith with Carpal Tunnel Syndrome, but that this diagnosis was incorrect. Dr. Frusha diagnosed her as having TOS. He said she has one of the worst cases he has ever seen and this is the only patient in his 15 years of practice that he declared to be permanently disabled by this disease.
The WCJ concluded that since Smith has a vascular problem and not an orthopedic problem, Dr. Frusha's evaluation should be given much weight. This is especially significant since defendants' orthopedic surgeon referred Smith to Dr. Frusha in the first place. Thus, Dr. Morgan is not in the correct specialty to question Dr. Frusha's opinion. The WCJ added that she did not consider the Fundamental Capacity Evaluation (FCE) conclusive because it was not performed by a vascular specialist. The WCJ found that Smith was still being treated regularly for the problems with her left side. Dr. Frusha will not perform the surgery because he did not have a good outcome on the surgeries he performed on her right side, but he wants to send her to another specialist because she had good results from the surgery in Denver. The WCJ concluded that a reliable determination of the extent of disability could not be made at this time. And until Smith reaches a point where she does not require regular treatments, or when she is declared PTD, she should remain TTD. The WCJ acknowledged that it is unusual for someone to stay in the TTD category for so long.
But because Smith is still getting continued treatment and because, due to the accident, she was developing the problem on her other side, she is entitled to continue receiving TTD benefits.
The statute is silent as to the term of an extension of the initial period of TTD awarded to the claimant. Hughes, 96-0031 at p. 7, 694 So.2d at 335. In fact, no statutory provision provides a set, maximum number of weeks for which TTD can be collected. Id. After a careful review of the record, we conclude that the WCJ did not err in finding that Smith should continue receiving her TTD benefits until such time it is determined that she is either able to return to some sort of employment or is determined to be permanently disabled.
Thus, this assignment of error is without merit.

Assignment of Error Number Five
The fifth assignment of error alleges that the WCJ abused her discretion in awarding $10,000 in attorney fees for the alleged arbitrary and capricious termination of plaintiff's benefits.
An award of attorney fees is appropriate when the employer and/or insurer acted arbitrarily, capriciously, or without probable cause in failing to pay workers' compensation benefits. La. R.S. 23:1201.2.

Arbitrary and Capricious Termination
Before attorney fees can be awarded however, it must first be determined whether or not the defendants arbitrarily and capriciously terminated her benefits. A determination of whether a denial of compensation benefits is arbitrary, capricious, or without probable cause depends primarily on the facts existing and known at the time that benefits are denied. Parfait v. Gulf Island Fabrication, Inc., 97-2104, p. 16 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 24. A refusal to pay *450 compensation will not be held to be arbitrary and capricious when this decision is based on competent medical advice. Id. The standard for making this determination is whether there was a "reasonable" basis for a dispute as to the employee's entitlement to benefits. Id.
In this case, Ms. Smith's benefits were discontinued on the basis of Dr. Joe Morgan's medical report. Dr. Morgan is an orthopedic surgeon. Smith's vascular surgeon, Dr. John Frusha, however, declared that she is unable work. Without seeking modification in accordance with LSA-R.S. 23:1310.8, defendants unilaterally cut off Smith's TTD benefits despite a judgment stipulating they would continue paying the benefits throughout her disability.
After carefully considering the record herein, we are unable to conclude that the WCJ was manifestly erroneous in deciding that the discontinuation of Smith's TTD benefits was arbitrary and capricious.

Attorney Fees
Whether or not the refusal to pay benefits warrants the imposition of attorney fees is a factual matter that will not be disturbed on appeal in the absence of manifest error. Hughes, 96-0031 at p. 8, 694 So.2d at 336. The applicable statutory authority for assessing penalties and attorney fees depends on whether the insured failed to commence or pay benefits in a timely fashion or whether benefits that had been timely paid were discontinued. Killett v. Sanderson Farms, 01-0277, p. 10 (La.App. 1 Cir. 5/10/02) 818 So.2d 853, 861. La. R.S. 23:1201.2, however, applies only when an insurer or employer arbitrarily discontinues payment of benefits and only attorney fees, not penalties, are recoverable under this statute. Id.
In this case, an award of attorney fees is, in essence, a type of penalty. They are not intended to make the injured party whole, but rather to discourage a particular activity on the part of the offending party. Sharbono v. Steve Lang & Son Loggers, 97-0110, p. 7 (La.7/1/97), 696 So.2d 1382, 1386. The purpose for attorney fees is to combat indifference by employers and insurers toward injured employees. Id.
In a workers' compensation case, the WCJ is allowed to call upon its own experience and expertise in determining the amount of time and effort that a lawyer has put into the preparation of a case. Bacon v. Transport Service Company, 01-1913, p. 5 (La.App. 1 Cir. 10/2/02), 836 So.2d 158, 162. The factors to be considered in the imposition of an award for attorney's fees in workers' compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Id. We conclude, however, when the fee is based upon the work performed outside the presence of the WCJ and not clearly determinable from the record of the proceedings, the WCJ should require evidence supporting these factors in determining a reasonable attorney's fee. In Hood v. C.J. Rogers, Inc., 94-1162 (La. App. 3 Cir. 3/8/95), 654 So.2d 371, the Third Circuit awarded a $12,000 attorney fee in a similar case. But in Hood the attorney included an affidavit showing that he devoted at least 75 hours preparing, negotiating, administering, researching, and traveling for his client. In Bacon, 01-1913 at p. 6, 836 So.2d at 162, we allowed a $7,500 fee to stand, but the WCJ articulated its reasons for the imposition of such an award.
In this case, the record indicates that Smith's counsel had aggressively advocated and protected the rights of his client since 1991. He actively utilized tools of *451 discovery, formulated an avenue for recovery, and thoroughly researched the law. He prepared and attended a discovery deposition, and most importantly, it was through his efforts that fifty-eight weeks of TTD compensation totaling $10,575.14 were reinstated for Smith. However, the attorney did not submit an affidavit attesting to how much time he devoted to the reinstatement of Smith's claim for benefits, and the WCJ did not articulate on what basis she made the award. Because the WCJ did not articulate the Bacon factors in awarding attorney fees and because the attorney did not supply an affidavit substantiating the hours he worked on this case, the facts in this case do not support an award of $10,000, and we cannot review the appropriateness of the award. We therefore remand for the basis and amount of award to be reconsidered and articulated without the taking of additional evidence.

ANSWER TO APPEAL
Smith answered the appeal requesting additional attorney fees for having to defend the appeal. Considering the amount of time and effort required to defend this appeal, we award an additional $2,500 for the work performed. The answer to appeal also requested that Smith be declared PTD, but for reasons, stated above, we decline to do so.

DECREE
For the foregoing reasons the judgment of the WCJ is affirmed except as to the issue of attorney fees. The issue of the appropriate amount of attorney fees awarded is remanded. We amend an additional $2,500 to Smith as attorney fees for prosecution of this appeal. Costs are assessed against defendants.
AFFIRMED IN PART AND REMANDED IN PART.