JAMES F. McKAY III, Chief Judge.
hOn March 26, 2015, Shawn Verges was allegedly attacked and injured by a seven year old autistic boy while she was in, the course and scope of her employment as a special education teacher at Fannie C. Williams Charter School, which was operated by Community Leaders Advocating Student Success (CLASS). Ms. Verges reported the incident via a text message to the principal’s administrative assistant oh the day it happened and asked that an accident report be made. In addition to teaching at Fannie C. Williams, Ms. Verges also worked a secónd job with Enhanced Destiny Services as a counselor. She continued to work at this job following the incident.
On April 1, 2015, Ms. Verges went to the emergency room at Slidell Memorial Hospital with complaints of lumbar, head and cervical pain. On April- 4, 2015, Ms. Verges went to Louisiana Health Solutions with similar complaints. Despite Ms. Verges’s repeated requests for an accident report relatéd to the aforementioned attack, the principal, Kelly Batiste, did not report the incident to |2the AmTrust North America, CLASS’S workers’ compensation insurance carrier until April 7, 2015. Ms. Verges’s claim was denied by AmTrust.
On May 21, 2015, Ms. Verges filed a disputed claim form (Louisiana Department of Labor Form 1008). On .June 8, 2015, CLASS and AmTrust filed their answer, dilatory exception and request for preliminary determination. Trial took place on September 21, 2015. At trial, Ms. Verges testified about the incident, her medical treatment, and her overall physical condition. She freely admitted to prior injuries and medical conditions, which also caused her to have back pain. The workers’ compensation judge found Ms. Verges to be a very credible witness. The trial court also heard the testimony of Linda Ducros, the paraprofessional or teacher’s aide, who was in the classroom at the time of the incident. Ms. Ducros testified that although she did not see the boy push Ms. Verges (or knock her down), she did see him slap Ms. Verges more than once while Ms. Verges on the floor and she had to pull the boy away from Ms. Verges.
On September . 25, 2015, the trial court issued a signed final judgment in favor of the claimant, Ms. Verges, and against the defendants, CLASS and AmTrust. The trial court made the following findings of fact: 1) the defendants failed to investigate Ms. Verges’s claim; 2) the ■ defendants failed to provide Ms. Verges with an incident report; 3) the defendants failed to provide reasonable and necessary medical *1270 treatment as provided by the Louisiana Workers’ Compensation Act; 4) the defendants failed to provide indemnity benefits without a reasonable basis; 5) Ms. Verges was credible; 6).Ms. Verges,,suffered an accident while in the |scourse and scope of her employment with CLASS at Fannie C. Williams School on, March 26, 2015; 7) Ms. Verges was and remains disabled as a result of the work accident; 8) the defendants’ witnesses were not credible; 9) the defendants’ attempts to discredit the claimant were defamatory; and 10) Ms. Verges was denied medical treatment and when she attempted to obtain medical treatment with private health insurance, this was denied as the treatment was based ón a workers’ compensation accident/injury.
Based on its findings of fact, the trial court ordered the defendants to pay indemnity benefits to Ms. Verges from March 26, 2015, subject to any credits to which the defendants may be entitled; to prbvide all reasonable, necessary and related medical treatment to Ms. Verges; to pay Ms. Verges $8,000.00 in penalties for the unreasonable handling of her claim; to pay Ms. Verges $15,000.00 in attorney fees for the unreasonable handling of her claim; and to pay Ms. Verges judicial interest from the date of judicial demand. The trial court also awarded assault pay, to the extent' that it could award it, to Ms. Verges. The defendants now appeal the trial court’s judgment.
On appeal, the defendants raise five assignments of error. They contend that the trial court erred in (1) the finding that a compensable accident occurred; (2) the finding that claimant was disabled where claimant continued to work and earn wages after the alleged incident; (3) the finding that claimant was entitled to indemnity benefits where her post-incident wages were at least 90% of her pre-inci-dent wages; (4) the award of penalties and attorneys’ fees, which were clearly | ^unwarranted and excessive under the circumstances of this case .as this matter involved a clear dispute with substantial evidence challenging whether a compensa-ble accident occurred, as such the denial of this claim was not arbitrary or capricious; and (5) the award of assault pay, which the judge did not have the jurisdiction to award, nor did he have evidence sufficient to apply the statute to CLASS, nor did he require the claimant to go ■ through the examination process in the statute.
The standard of review in workers’ compensation cases is two-part: (1) the appellate court must find from the record that there is a reasonable factual basis for the trier of fact’s findings, and (2) the appellate court must further determine that the record establishes that the finding is not manifestly erroneous. McLin v. LeBouef, 2008-0378 (La.App. 1 Cir. 9/19/08), 994 So.2d 663. Although the workers’ compensation law is liberally construed in favor of coverage, the claimant’s burden of proving an accident is not relaxed; he must prove by a preponderance of the evidence that an accident occurred and the resulting disability is related to an on-the-job injury. Wright v. Town of Oil City, 46,247 (La.App. 2 Cir. 5/18/11), 71 So.3d 962.
In the instant case, Ms. Verges was attacked ,by a student in her class. The aftermath of said attack was witnessed by a paraprofessional in the classroom. Ms. Verges reported the attack the same day via text. Ms. Verges repeatedly asked for an accident report concerning .the accident to be completed. Ms. Verges went to the emergency room at Slidell Memorial Hospital on April 1,.2015 with complaints |fiof lumbar, head , and cervical pain. . She went to Louisiana Heath Solutions on April 4, 2015 with complaints consistent with the injuries from the attack. Ms. Verges also *1271 admitted to a history of back problems. There was no countervailing medical evidence. When her claim was denied, she tried to use her private health insurance for treatment "but was not allowed to do so as the treatment was deemed to be based on a workers’ compensation claim. Also, although Ms. Verges continued to work her second job at Destiny Services following the incident,' she could no longer work at her primary job as a special education teacher; therefore, she was earning far less than 90% of her pre-incident wages and entitled to supplemental earnings benefits pursuant to La. R.S. 23:1221(3). Accordingly, the trial court’s findings that a compensable accident occurred, that the claimant was disabled, and that the claimant was entitled to indemnity benefits are all reasonable.
. To determine whether a - claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether an employer or its insurer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time it refused to pay all or part of the benefits owed. Brown v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 886, 890. An employer’s failure to authorize a medical procedure for an employee otherwise eligible to receive workers’ compensation is deemed to be the failure to furnish benefits, thus triggering the penalty provisions of La. R.S. 23:1201. Authement v. Shappert Engineering, 2002-1631 (La.2/25/03), 840 So.2d 1181. When attorney fees are awarded in a workers’ compensation case, they are deemed to be a penalty, and the value of the attorney fees need not be proven. A trial judge is allowed to call upon his own experience and expertise in determining the amount of time and effort that a lawyer has put into the preparation of a case. The factors to be considered in imposition of an award of attorney fees in workers’ compensation cases include the degree of skill and work involved in the case, the amount of the claim, the amount recovered, and the amount of time devoted to the case. Insurance Co. of North America v. Labit, 99-2448 (La.App. 1 Cir. 11/15/00), 772 So.2d 385, 389.
In the instant case, the medical records corroborate Ms. Verges’s version of events. Furthermore, Ms. Batiste, the principal, admitted that she knew about the incident the following day, investigated the claim and found out that something had happened yet she did not report the incident to the school’s workers’ compensation carrier until April 7, 2015. Ms. Verges repeatedly asked for an accident report but Ms. Batiste refused to comply. Ms. Batiste and CLASS did nothing to assist Ms. Verges. Based on these circumstances, CLASS did not reasonably controvert Ms. Verges’s claim for benefits. Accordingly, the trial court’s awarding of $8,000.00 in penalties .and $15,000.00 in attorney fees appears reasonable.
In their final assignment of error, the defendants contend that the trial court erred in awarding assault pay, which the trial court did not have jurisdiction to 17award, nor did it have evidence sufficient to apply the statute to CLASS, nor did it require the claimant to go through the examination process in the statute.- 'We agree that the trial court erred in awarding assault pay. The trial court awarded assault pay pursuant to La. R.S. 17:1201(C). However, the trial court had no authority to make such an award under this statute. The Louisiana Constitution Article V, Section 16 limits the jurisdiction of the Office of Workers’ Compensation courts, leaving district courts with jurisdiction over all other civil and criminal mat *1272 ters not specifically granted to the Office of Workers’ Compensation. Unless a remedy is specifically provided for by the workers’ compensation statutes, then the Office of Workers’ Compensation does not have subject matter jurisdiction. La. R.S. 17:1201(C) falls under Title 17, which governs education. Therefore, the Office of Workers’ Compensation court had no authority or jurisdiction to make such an award for assault pay. As such, we do not need to examine this issue any further.
For the above and foregoing reasons, we affirm the judgment of the trial court in all respects with the exception of its awarding of assault pay pursuant La. R.S. 17:1201(C), which we reverse.
AFFIRMED IN PART AND REVERSED IN PART